**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**--------------------------------------------------------**

**UNITED STATES OF AMERICA**

                                                    **5:14-CR-230(GTS)**

        **vs.**

**RICHARD WILLIAMS**
**-------------------------------------------------------**


ASSIGNMENT/INFORMATION FORM

COUNSEL:

Please find attached a copy of the Criminal Pretrial Order issued in the above-entitled action.

The above case has been assigned to the Judge on the attached case assignment form.

All correspondence and filings shall be filed electronically unless specifically exempted by General Order #22 or a judicial officer.  Documents should bear the initials of the assigned Judge immediately following the Court Action Number.

All motion papers must conform to Local Rule 12.1 of the Northern District of New York Rules of Criminal Procedure.

<u>**CASE ASSIGNMENT FORM**</u>

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

CRIMINAL ACTION NUMBER:   **14-CR-230(GTS)**

This action has been assigned to **HON. GLENN T. SUDDABY, District Judge.**

All correspondence and filings shall be filed electronically unless specifically exempted by General Order #22 or a judicial officer. Documents should bear the initials of the assigned judge immediately following the case number as follows: **14-CR-230(GTS)**

If permission has been granted to file papers traditionally, all original papers must be filed with the Clerk's Office listed below:

> **CLERK, U.S. DISTRICT COURT
> Federal Building and Courthouse
> Post Office Box 7367
> Syracuse, New York 13261-7367**

**MONTHLY MOTION SCHEDULE**

**HON. GLENN T. SUDDABY, District Judge**

10:00AM - 1st and 3rd Thursday of each month at Syracuse. No oral argument on scheduled motion return date, unless Judge Suddaby's chambers sua sponte directs or grants the request of any party for oral argument.

**CRIMINAL PRETRIAL ORDER**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------

**UNITED STATES OF AMERICA**

**5:14-CR-230(GTS)**

    **vs.**

**RICHARD WILLIAMS**
--------------------------------------------------------------

**I.**    <u>**NOTICE TO ALL COUNSEL:**</u>

    Counsel for the defendant is directed to file a notice of appearance in accordance with L.R. 44.2 of the Local Rules of Criminal Procedure with the Clerk of the court stating his/her mailing address and phone number.

**II.**    <u>**DISCOVERY:**</u>

    **A)**    It is the Court's policy to rely on the discovery procedure as set forth in this Order as the sole means of the exchange of discovery in criminal actions except in extraordinary circumstances. This Order is intended to promote the efficient exchange of discovery without altering the rights and obligations of the parties, while at the same time eliminating the practice of routinely filing perfunctory and duplicative discovery motions.

    **B)**    Fourteen (14) days after arraignment, or on a date otherwise set by the Court for good cause shown, the government shall make available for inspection and copying to the defendant the following:

        1)    <u>**Fed.R.Crim.P. 16(a) & Fed.R.Crim.P. 12(b)(4) Information.**</u>    All discoverable information within the scope of Rule 16(a) of the Federal Rules of Criminal Procedure, together with a notice pursuant to Fed.R.Crim.P. 12(b)(4) of the government's intent to use this evidence, in order to afford the defendant an opportunity to file motions to suppress evidence.

        2)    <u>**Brady Material.**</u> All information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment, within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963).

        3)    <u>**Federal Rule of Evidence 404(b).**</u> The government shall advise the defendant of its intention to introduce evidence in its case in chief at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence. This requirement shall replace the defendant's duty to demand such notice.

    **C)**    Unless a defendant, in writing, affirmatively refuses discoverable materials under Fed.R.Crim.P. 16(a)(1)(E), (F), and/or (G), the defendant shall make available to the

government all discoverable information within the scope of Fed.R.Crim.P. 16(b)(1)(A), (B), and/or (C), within twenty-one (21) days of arraignment.

**D)**    No less than fourteen (14) days prior to the start of jury selection, or on a date otherwise set by the Court for good cause shown, the government shall tender to the defendant the following:

    1)    *Giglio* Material. The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective witnesses, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972).

    2)    Testifying Informant's Convictions. A record of prior convictions of any alleged informant who will testify for the government at trial.

**E)**    The government shall anticipate the need for, and arrange for the transcription of, the grand jury testimony of all witnesses who will testify in the government's case in chief, if subject to Fed.R.Crim.P. 26.2 and 18 U.S.C. §3500. The government, and where applicable, the defendant, are requested to make materials and statements subject to Fed.R.Crim.P. 26.2 and 18 U.S.C. §3500 available to the other party at a time earlier than required by rule or law, so as to avoid undue delay at trial or hearings.

**F)**    It shall be the duty of counsel for all parties to immediately reveal to opposing counsel all newly discovered information, evidence, or other material within the scope of this Order, and there is a continuing duty upon each attorney to disclose expeditiously. The government shall advise all government agents and officers involved in the action to preserve all rough notes.

**G)**    No attorney shall file a discovery motion without first conferring with opposing counsel, and no motion will be considered by the Court unless it is accompanied by a certification of such conference and a statement of the moving party's good faith efforts to resolve the subject matter of the motion by agreement with opposing counsel. No discovery motions shall be filed for information or material within the scope of this Rule unless it is a motion to compel, a motion for protective order, or a motion for an order modifying discovery. See Fed.R.Crim.P. 16(d). Discovery requests made pursuant to Fed.R.Crim.P. 16 and this Order require no action on the part of this Court and should not be filed with the Court, unless the party making the request desires to preserve the discovery matter for appeal.

## III.   MOTIONS:

**A)**    Any and all motions by all parties **must be served and filed within four (4) weeks of the date of this Order.** Such motions must comply with the provisions of Rule 12.1 of the Local Rules of Criminal Procedure for the Northern District of New York. All motions must be scheduled for a return date prior to the scheduled trial date. Oral argument is required on each pretrial motion unless otherwise ordered by the Court. **Motions are to be FILED BY <u>July 21, 2014.</u>**

**B)** When any motion has been filed, the moving party must confer with the opposing party and report to the Court in writing: 1) whether the parties agree or disagree that the requested relief is appropriate, 2) whether a hearing is necessary to resolve factual disputes, and 3) whether oral argument is necessary.

**C)** Motions may be filed by a party later than four (4) weeks from the date of this Order only by further order of this Court upon a showing of good cause for the delay.

**D)** Any delay, from the date of filing such motion through conclusion of its hearing, or other prompt disposition, is excluded from calculation under the time limits of the Speedy Trial provisions. 18 U.S.C. §3161(h)(1)(F).

**E)** Counsel for each party shall EXCHANGE and file with the Court A MEMORANDUM OF LAW, not to exceed twenty-five (25) pages in length, concerning issues of substantive and any evidentiary law which either party anticipates will be raised at the trial of the general issues.

## IV.   HEARINGS:

**A)** Counsel for each party shall be ready with witnesses and exhibits for any evidentiary hearing which the Court may schedule.

## V.   SPEEDY TRIAL REQUIREMENTS:

**A)** The U.S. Attorney and defense counsel are hereby notified that no continuance or extension will be granted under the Speedy Trial Act unless a motion or stipulation is submitted which recites the appropriate exclusionary provision of the Speedy Trial Act, 18 U.S.C. §3161. In addition, the motion or stipulation must be accompanied by an affidavit of facts upon which the Court can make a finding which would warrant the granting of the relief requested. Counsel must also submit a proposed order setting forth the time to be excluded and the basis for its exclusion. If the exclusion affects the trial date of the action the stipulation or proposed order must have a space for the Court to enter a new trial date in accordance with the excludable time period. All requests for continuance or extension which do not comply with this Order will be disallowed by the Court.

## VI.   TRIAL DATE:

**A)** Trial will be scheduled to begin not later than sixty (60) days from the date of arraignment. In multiple defendant cases the trial date will be scheduled at the arraignment of the first defendant to be arraigned; defendants arraigned on subsequent dates will be joined for trial with the original defendant unless a written application or stipulation by the U.S. Attorney and counsel for the defendants is made within five (5) days of such subsequent arraignment and is approved by the Court. The application to extend the date upon which trial will commence must include the precise reason for the requested extension and should contain a place for the Court to enter the new trial date in accordance with the extension requested in the application.

The Court will in all cases attempt to schedule trial dates so as to permit defense counsel adequate preparation time in light of all the circumstances in accordance with Title 18 U.S.C. §3162(c)(2).

**B)**     Trial of the above entitled action is hereby set for **August 25, 2014, at 9:30 AM, in Syracuse, New York, before the Honorable GLENN T. SUDDABY.**

THE COURT WILL SCHEDULE A FINAL PRETRIAL CONFERENCE THAT WILL BE HELD IN ADVANCE OF THE TRIAL DATE.

Defendant(s) and counsel **must** appear on the trial date **READY** to proceed.

**VII.    DEFENDANTS IN CRIMINAL CASES SHALL APPEAR WHENEVER SUCH APPEARANCE IS DIRECTED BY THE COURT.  FAILURE TO APPEAR AS DIRECTED MAY RESULT IN REVOCATION OF BAIL.**

**VIII.   SUBMISSIONS REQUIRED:**

Within seven (7) days before the FINAL PRETRIAL CONFERENCE DATE, counsel for each party shall:

(a)     **EXCHANGE** and file with the Court **VOIR DIRE** requests*;

(b)     **EXCHANGE** and file with the Court the **Court Ordered Questionnaire*** (see Attachment (1));

(c)     **EXCHANGE** and file with the Court **REQUESTS TO CHARGE** which the parties intend at that time to ask the Court to consider without prejudice to the party's right to submit additional requests to charge, the need for which was not apparent prior to trial, at the conclusion of the taking of evidence,* together with a copy of the instructions on a computer disk, preferable in WordPerfect format;

(d)     **EXCHANGE** and file with the Court a **VERDICT FORM** which the parties intend at that time to ask the Court to consider;

(e)     **EXCHANGE** and file with the Court a **MEMORANDUM OF LAW**, not to exceed twenty-five (25) pages in length, concerning issues of substantive and any evidentiary law which either party anticipates will be raised at the trial of the general issues;*

(f)     Make every effort to enter into **STIPULATION OF FACT** including stipulations as to the admissibility of evidence, limiting the matters which are required to be tried;

(g)     **EXCHANGE** and file with the Court a proposed **EXHIBIT LIST** (Govt. to label exhibits numerically, i.e.: Govt. 1, 2, 3, etc.; Deft. to label exhibits numerically, i.e.: D-1, D-2, etc.; in multiple defendant cases, the exhibits must be numbered in the same order as the defendant's name appears on the indictment, i.e.: D-1 Exhibit 1, D-2 Exhibit 1, etc.);

(h)     **EXCHANGE** and file with the Court a proposed **WITNESS LIST** with a brief description as to the subject area of the proposed witness's testimony.

The Court may at any time request a courtesy copy of any electronically filed document.

**\*PROPOSED VOIR DIRE, REQUESTS TO CHARGE, AND MEMORANDA OF LAW THAT ARE NOT FILED TEN (10) DAYS PRIOR TO THE DATE FIXED FOR TRIAL WILL NOT BE ACCEPTED FOR FILING BY THE COURT. FAILURE TO COMPLY WITH THE REQUIREMENTS OF THIS PRETRIAL SCHEDULING ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS BY THE COURT.**

**SO ORDERED.**

**DATED:  June 23, 2014**


_____
David E. Peebles
U.S. Magistrate Judge

<u>COURT ORDERED VOIR DIRE</u>
TO BE USED BY THE JUDGE AT TRIAL

**CASE TITLE: United States of America vs. RICHARD WILLIAMS**

**CRIMINAL ACTION NO.:** 14-CR-230

**DISTRICT JUDGE: GLENN T. SUDDABY**

<u>ATTACHMENT #(1)</u>

  **Each attorney is required to submit the following information on behalf of his/her client for use by the Court during Voir Dire and must be filed with the Court seven (7) days in advance of the scheduled final pretrial conference date.**

NAMES AND ADDRESSES OF ALL DEFENDANTS ON TRIAL. DEFENSE COUNSEL'S FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL

**(use additional page if necessary)**

U.S. ATTORNEY'S NAME AND OFFICE ADDRESS; NAMES AND BUSINESS ADDRESS OF ANY CASE AGENT OR OTHER GOVERNMENT REPRESENTATIVE WHO WILL SIT AT COUNSEL TABLE.

**(use additional page if necessary)**

SET FORTH THE DATE OF EACH ALLEGED CRIMINAL OFFENSE, THE PLACE OF THE OFFENSE AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE CHARGES OF EACH COUNT IN THE INDICTMENT.

**(use additional page if necessary)**

SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES TO BE CALLED.

**(use additional page if necessary)**

SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT WITNESSES TO BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR AREAS OF EXPERTISE.

**(use additional page if necessary)**

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY COUNT IN THE INDICTMENT.

**(use additional page if necessary)**

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY AFFIRMATIVE DEFENSE ASSERTED.

**(use additional page if necessary)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PLEASE TAKE NOTICE **that any delay in jury selection occasioned by the failure to provide this information will be explained to the jury as to the extent of the delay and the attorney causing same and if the delay causes a one (1) day or more postponement of this trial, appropriate monetary sanctions will be imposed by the Court.**

**Date: _____**                    **_____**

                                                                          **(Signature of Attorney)**
                                                                          **Bar Roll #:**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**CASE NO.** 14-CR-230

**GOVERNMENT EXHIBIT NO.** _____

**DATE ENTERED** _____
LAWRENCE K. BAERMAN, CLERK

**BY:** _____
**DEPUTY CLERK**

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**CASE NO.** 14-CR-230

**DEFENDANT EXHIBIT NO.** _____

**DATE ENTERED** _____
LAWRENCE K. BAERMAN, CLERK

**BY:** _____
**DEPUTY CLERK**

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**CASE NO.** 14-CR-230

**GOVERNMENT EXHIBIT NO.** _____

**DATE ENTERED** _____
LAWRENCE K. BAERMAN, CLERK

**BY:** _____
**DEPUTY CLERK**

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**CASE NO.** 14-CR-230

**DEFENDANT EXHIBIT NO.** _____

**DATE ENTERED** _____
LAWRENCE K. BAERMAN, CLERK

**BY:** _____
**DEPUTY CLERK**

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**CASE NO.** 14-CR-230

**GOVERNMENT EXHIBIT NO.** _____

**DATE ENTERED** _____
LAWRENCE K. BAERMAN, CLERK

**BY:** _____
**DEPUTY CLERK**

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**CASE NO.** 14-CR-230

**DEFENDANT EXHIBIT NO.** _____

**DATE ENTERED** _____
LAWRENCE K. BAERMAN, CLERK

**BY:** _____
**DEPUTY CLERK**

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**CASE NO.** 14-CR-230

**GOVERNMENT EXHIBIT NO.** _____

**DATE ENTERED** _____
LAWRENCE K. BAERMAN, CLERK

**BY:** _____
**DEPUTY CLERK**

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**CASE NO.** 14-CR-230

**DEFENDANT EXHIBIT NO.** _____

**DATE ENTERED** _____
LAWRENCE K. BAERMAN, CLERK

**BY:** _____
**DEPUTY CLERK**

Page 1 of _____

**United States District Court**
**Northern District Of New York**

Case No. **14-CR-230**
Date: _____
Presiding Judge: **GLENN T. SUDDABY**

❏ Government                    ❏ Defendant                    ❏ Court

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Case No. **14-CR-230**

Page _____ of _____

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned to Counsel (Date): _____

Signature: _____